IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Demario Clyburn, | ) | C.A. No.: 2:13-cv-742-TMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Lt. Tonya Huntley, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On March 22, 2013, the undersigned issued the following order:

> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to file something that you are required to file within a deadline set by a United States District Judge or a United States Magistrate Judge, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the Court.

(Dkt. No. 11 at 2 of 3.)

On June 5, 2013, Defendant filed a Motion for Summary Judgment. (Dkt. No. 19.) By Order of this court filed June 6, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 20.) Despite this explanation, the Plaintiff did not respond to the motion.

As the Plaintiff is proceeding *pro se*, the court filed an Order on July 12, 2013, giving the Plaintiff through August 1, 2013, to file his response to the Motion for Summary

Judgment. (Dkt. No. 23.) The Plaintiff was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute. The Plaintiff did not respond.

Furthermore, it appears that Plaintiff failed to comply with the undersigned's order dated March 22, 2013, as several pieces of mail to Plaintiff have been returned to the Clerk of Court as undeliverable. (Dkt. No. 14; Dkt. No. 18; Dkt. No. 22; Dkt. No. 25.) Plaintiff failed to provide the Clerk of Court with a proper address.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

s/Bruce Howe Hendricks  
United States Magistrate Judge

August 2, 2013  
Charleston, South Carolina